UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NATIONWIDE INSURANCE COMPANY                                        PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:10-CV-388-DPJ-LRA

THOMAS DOOLITTLE AND
DANIELLE DOOLITTLE                                                  DEFENDANTS

**ORDER**

This declaratory judgment action is before the Court on the parties' various motions *in limine*. Having fully considered the premises, the Court rules as follows:

I.   BACKGROUND

In general terms, Thomas and Danielle Doolittle's insured home burned destroying personal property. There is no contention that they caused the fire, and Plaintiff Nationwide Insurance Company paid for the damage to the structure. But dispute lingered over the contents coverage. Nationwide eventually sought declaratory judgment that the Doolittles' conduct during the investigation violated the terms of the policy and therefore Nationwide has no duty to indemnify.

The Doolittles responded with a counterclaim for breach of contract, bad faith breach of contract, negligence, gross negligence. and breach of the covenant of good faith and fair dealing. They seek contractual and extra-contractual damages along with punitive damages.

II.  STANDARD

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion

> to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation and quotation omitted).

III.   MOTIONS

    A.   Doolittles' First Motion in Limine Re Arrest [65]

After the fire, first responders found what was believed to be drugs and drug paraphernalia in the debris. The Doolittles were eventually arrested and represent that no conviction was obtained. They move to exclude the evidence under Rules 401, 402 and 403 of the Federal Rules of Evidence. Nationwide objects claiming that the arrest would cause stress which could account for the emotional distress the Doolittles claim as damages.

Under amended Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Neither the discovery of illegal drugs nor the subsequent arrest are themselves probative of any issue in this case. Yet, both would be highly prejudicial to the Doolittles.

Nationwide argues, however, that the stress of a potential criminal charge is relevant to the claim for emotional distress. As an initial point, Nationwide's argument would not apply to the first phase of trial which will address the declaratory judgment action. Thus, the motion is granted as to the first phase. If there is a second phase, then emotional distress would become an issue, but at this point the Court finds that the probative value of the information is substantially outweighed by the risk of unfair prejudice or confusion. Fed. R. Evid. 403. It is conceivable that the Defendants could open the door questioning or that the full record could cast the issue in

a different light.  The motion is therefore granted without prejudice to Nationwide's right to revisit it on a more complete record outside the presence of the jury.

    B.  Doolittles' Second Motion in Limine Re Payment of Prior Claim [66]

According to them, the Doolittles had a prior claim with Nationwide over a leaky roof in 2007 that led to a "huge controversy" between the parties.  The Doolittles contend that they were accused of bank fraud or forgery but that the dispute was "largely" traced to a bank error.  Nationwide agrees it was a "huge controversy" and that there was an allegation of forgery.  It contends that the information is relevant to the Doolittles' credibility as witnesses and to their emotional distress claims.  The Court will look at the issue as it applies to the two phases of the trial.

As for phase one, the 2007 dispute seems only marginally relevant.  Although the adjustor's log for the present dispute notes the prior claim, Nationwide does not explain how that affects the coverage issues.  Second, Nationwide's argument regarding emotional distress does not apply to phase one.  Third, to the extent the allegations of bank fraud or forgery might be used to attack the Doolittles' credibility as witnesses, the argument seems to suggest that the prior acts will be used to show conduct in conformity therewith.  Such an argument could not advance without first addressing Rule 404, which the Court is not prepared to do on this record.  Finally, it could be that the existence of prior dealings—not allegations of forgery or fraud—would have some bearing on the interaction between the parties.  Therefore, the motion is granted as to phase one to the extent it seeks to exclude allegations of fraud, forgery, or other improper conduct.  Nationwide may revisit the issue at trial outside the presence of the jury.

As for the second phase, the information carries more relevance.  As Nationwide argues in response, the prior experiences with the Doolittles' place the current claims for bad faith in full context.  Given the 2007 incident, as described, there may have been reason for caution in the way Nationwide adjusted the 2009 claim.  That relevance is not substantially outweighed by the risk of unfair prejudice.  Thus, if the case proceeds to a bad faith phase, then the information will be admissible.

      C.      Nationwide's Motion in Limine Re Reserve Amounts [67]

Nationwide seeks to exclude the reserve amount set by its adjustors on the loss.  The Doolittles oppose the motion.  The relevance of the reserves as it relates to the first phase of the trial is not apparent and would in any event be substantially outweighed by the risk of unfair prejudice and confusion.  Fed. R. Evid. 401, 402, 403.  The motion is therefore granted as to phase one.  If the case goes to phase two, then the relevance is a closer question, but the Court will be in a better position to evaluate that issue when the record is more complete.

      D.      Nationwide's Motion in Limine Re Proof Of Loss Provided After Suit Was Filed [68]

The coverage case turns on whether the Doolittles breached the contract by refusing to provide certain bank records until after suit was filed.  Nationwide seeks to exclude the allegedly delinquent production.  As discussed in earlier rulings, the jury must decide whether the Doolittles' actions were material.  The bank records they initially withheld are probative of that issue. In addition, Nationwide argues that the Doolittles violated the policy's prohibition against "concealment or fraud."  Again, the actual records are probative of what was allegedly concealed. Finally, the probative value is not substantially outweighed by the risk of unfair

prejudice or confusion.  If necessary the Court can provide instructions to address those concerns.  The motion is therefore denied.

   E.  Nationwide's Motion in Limine To Bifurcate Proceedings [69]

The motion is granted to the extent it seeks to bifurcate the declaratory judgment case from the case for extra-contractual and punitive damages.

   F.  Nationwide's Motion in Limine Re Other Claims [70]

Nationwide seeks to exclude evidence of other claims against it.  The motion is granted as to the first phase of the trial.  The Court will address the issue again, if necessary, prior to the second phase of the trial.

   **SO ORDERED AND ADJUDGED** this the 9th day of December, 2011.

             s/ *Daniel P. Jordan III*
             UNITED STATES DISTRICT JUDGE